# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| RACHEL DAVIS,<br>　　　　　　Plaintiff,<br><br>v.<br><br>TRUE HEALTH NEW MEXICO, INC.,<br><br>　　　　　　Defendant. | CASE NO.: 1:23-cv-00111-GJF-LF |

## ANSWER TO COMPLAINT FOR ERISA VIOLATIONS AND ERISA ESTOPPEL

COMES NOW Defendant True Health New Mexico ("THNM"), by and through its attorneys undersigned, for its Answer against Plaintiff Rachel Davis's ("Plaintiff" or "Davis") Complaint for ERISA Violations and ERISA Estoppel [ECF 4–1] (the "Compliant").

1.　　THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.　　THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3.　　In response to the allegations contained in Paragraph 3, THNM admits only that it was an administrator of the employee benefits plan under which Ms. Davis received health care benefits in 2021. THNM lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 3.

4.　　Responding to the allegations contained in Paragraph 4, THNM admits that page 29 of the 2021 Member Handbook (the "Plan") contains a statement of certain rights and states, among other things, that "[a]s a person covered under the Plan, you are entitled to certain rights and protections under the ERISA law." THNM lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 4.

5.      THNM admits that it is a domestic profit corporation incorporated in the State of New Mexico and that its corporate office is located at 2440 Louisiana Blvd NE, Suite 601, Albuquerque, NM 87111.  THNM lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 5.

6.      THNM admits that it underwrites and administers a health care plan that provided coverage to Ms. Davis.  THNM denies the remaining allegations contained in Paragraph 6.

7.      THNM admits that venue for the state court action was proper in the State of New Mexico, County of Bernalillo, Second Judicial District (the "State Court").  THNM denies that venue in the State Court is proper after THNM removed the Complaint to this Court.

8.      Responding to the allegations contained in Paragraph 8, THNM admits that on September 22, 2021, THNM sent Davis a "Notification Letter" advising Davis that a procedure with a procedure code "99215" and a procedure description of "OFFICE O/P EST HI 40-54 MIN" (the "Procedure") had been determined by THNM to be "medically necessary."  THNM denies the remaining allegations contained in Paragraph 8.

9.      Responding to the allegations contained in Paragraph 9, THNM admits that it deemed the Procedure to be medically necessary from September 16, 2021, through December 14, 2021.  THNM further admits that Brian Shah was identified as the "Servicing Provider" for the Procedure.  THNM denies the remaining allegations contained in Paragraph 9.

10.     Responding to the allegations contained in Paragraph 10, THNM admits that on October 19, 2021, THNM sent Davis a "Notification Letter" advising Davis that a procedure with the following procedure codes has been deemed "medically necessary":

- Procedure Code: 70486; Procedure Description: CT MAXILLOFACIAL W/O DYE
- Procedure Code: E1700; Procedure Description: JAW MOTION REHABILITATION SYSTEM
- Procedure Code: 21085; Procedure Description: PREPARE FACE/ORAL PROSTHESIS
- Procedure Code: 21240; Procedure Description: RECONSTRUCTION OF JAW JOINT

THNM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10.

11. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Responding to the allegations contained in Paragraph 16, THNM admits that on October 6, 2022, THNM issued an Explanation of Benefits ("EOB") to Davis. THNM further

admits that the EOB did not reference any purported appeals dated February 22, 2022, or April 19, 2022. THNM denies the remaining allegations contained in Paragraph 16.

17. Responding to the allegations contained in Paragraph 17, THNM admits that the Plan requires THNM to respond to a post service request for review within sixty (60) days. THNM denies the remaining allegations contained in Paragraph 17.

18. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

## **COUNT 1 – ERISA VIOLATIONS**

19. THNM incorporates by reference its responses to Paragraphs 1–18.

20. In responding to the allegations contained in Paragraph 20, THNM admits that the health insurance plan providing coverage to Davis is governed by the Employee Retirement Income Security Act ("ERISA"). THNM lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 20.

21. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. Responding to the allegations contained in Paragraph 23, THNM admits that 29 U.S.C. § 1104(a)(1) states:

> Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—
> (A) for the exclusive purpose of:
> (i) providing benefits to participants and their beneficiaries; and

> (ii) defraying reasonable expenses of administering the plan;
>
> (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;
>
> (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and
>
> (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III.

THNM lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 23.

24. Responding to the allegations contained in Paragraph 24, THNM admits that 29 U.S.C. § 1133(2) states:

> In accordance with regulations of the Secretary, every employee benefit plan shall—afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

THNM lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 24.

25. THNM denies the allegations contained in Paragraph 25.

26. THNM denies the allegations contained in Paragraph 26.

27. THNM denies the allegations contained in Paragraph 27.

28. THNM denies the allegations contained in Paragraph 28.

29. Responding to the allegations in paragraph 29, THNM admits that Plaintiff is seeking the relief set forth in that paragraph. THNM denies the remaining allegations in paragraph 29.

30. THNM denies the allegations contained in Paragraph 30.

31. THNM denies the allegations contained in Paragraph 31.

32. THNM denies the allegations contained in Paragraph 32.

## COUNT II – EQUITABLE ESTOPPEL UNDER ERISA

33. THNM incorporates by reference its responses to Paragraphs 1–32.

34. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43. THNM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44. THNM denies the allegations contained in Paragraph 44.

45. THNM denies each and every allegation not specifically admitted in this Answer.

## **AFFIRMATIVE DEFENSES**

By asserting these affirmative defenses, THNM does not purport to shift the burden of proof regarding any substantive elements of Plaintiff's claim.

1. The services for which Plaintiff seeks reimbursement for are not covered under the Plan.

2. Plaintiff has failed to exhaust all administrative remedies prior to filing suit.

3. THNM acted reasonably and in good faith in interpreting the plan and making determinations regarding Plaintiff's benefits under the plan.

4. Plaintiff's claims are barred, in whole or in part, by her failure to satisfy all conditions precedent, subsequent, and/or concurrent to coverage under the applicable policies

5. THNM gives notice that it intends to reply upon such other defenses as may become available by law or which may be discovered during discovery of this case, and hereby reserves the right to amend its answer and assert any matter constituting an avoidance or affirmative defense, including without limitation, those matters set forth in Rule 8(c).

WHEREFORE, THNM prays for judgment as follows:

1.	That Plaintiff's Complaint be dismissed with prejudice and Plaintiff take nothing thereby;

2.	That the Court enter a judgment in favor of THNM, and against Plaintiff, on each of Plaintiff's claims

3.	That THNM be awarded its attorneys' fees and costs pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

4.	For such other and further relief as the Court deems proper and just.

Dated this 14th day of February, 2023.

                                Respectfully Submitted,

                                SNELL & WILMER L.L.P.

By:  /s/Gregory J. Marshall
Gregory J. Marshall
201 Third St. NW, Suite 500
Albuquerque, NM 87102
Telephone: (602) 382-6000
gmarshall@swlaw.com
*Attorneys for Defendant True Health New Mexico, Inc.*

Joseph G. Adams (*admitted pro hac vice*)
Zachary Schroeder *(admitted pro hac vice)*
Snell & Wilmer LLP
One E. Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: (602) 382-6000
jgadams@swlaw.com
zschroeder@swlaw.com

## CERTIFICATE OF SERVICE

On February 14, 2023, a true and correct copy of the foregoing document was served on counsel electronically through the Court's CM/ECF system.

*/s/Gregory J. Marshall*